**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CORDERRO JAVON JONES,                           :          No. 20-cv-03485 (VB)
                                                :
                                    Plaintiff,  :          **STIPULATED PROTECTIVE**
                                                :          **ORDER**
      -v.-                                       :
                                                :
LT. FALCO and SGT. CARR,                        :
                                                :
                                    Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The parties, having stipulated and agreed to the following terms of confidentiality, and the

Court having found that good cause exists for issuance of an appropriately tailored confidentiality

order governing the pre-trial phase of this action, it is hereby

ORDERED that any person subject to this Order – including without limitation the parties

to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all

third parties providing discovery in this action, and all other interested persons with actual or

constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1.      Any person subject to this Order who receives from any other person any

        "Discovery Material" (*i.e.*, information of any kind provided in the course of

        discovery in this action) that is designated as "Confidential" pursuant to the terms

        of this Order shall not disclose such confidential Discovery Material to anyone

        else except as expressly permitted hereunder (hereinafter "Confidential Discovery

        Material").

2.      The person producing Confidential Discovery Material may designate as

        "Confidential" any portion thereof that contains non-public business, commercial,

1

financial, health or personal information, the public disclosure of which is either

restricted by law or would likely, in the good faith opinion of the producing person,

harm the producing person's business, commercial, financial, or personal interests,

including personal safety or cause the producing person to violate his, her, or its

privacy or confidentiality obligations to others. Where the confidential portion is

reasonably separable from the nonconfidential portion, via redaction or otherwise,

only the confidential portion shall be so designated.

3.  With respect to the confidential portion of any Confidential Discovery Material

other than deposition transcripts and exhibits, the producing person or that person's

counsel may designate such portion as "Confidential" by stamping or otherwise

clearly marking as "Confidential" the document or protected portion in a manner

that will not interfere with legibility or audibility.

4.  For depositions, designation of information as "Confidential" shall be made during

the deposition on the record that should include reasons for the assertion, or by

letter from counsel within 30 days of receipt of the official deposition transcript or

copy thereof (or written notification that the transcript is available), listing the

specific pages and lines of the transcript and any exhibits that should be treated as

"Confidential". The entire deposition transcript (including any exhibits not

previously produced in discovery) shall be treated as Confidential Discovery

Material under this Protective Order until the expiration of the above-referenced

30-day period for designation, except that the deponent (and his or her counsel)

may review the transcript of the deposition during the 30-day period. After

designation of Confidential Discovery Material is made, the following shall be

placed on the front of the original and each copy of a deposition transcript

containing Confidential Discovery Material: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The deposition transcript shall also be accompanied by a cover letter from the designating party identifying the specific pages and lines of the transcript and any exhibits (or portions of exhibits) designated as "Confidential". Only those pages and lines and exhibits (or portions of exhibits) designated as "Confidential", and their corresponding portions of video, if any, shall be subject to this Order.

5. If at any time prior to the trial of this action, a party or their counsel realizes that some portion of Discovery Material that was previously produced without limitation should be designated as "Confidential," the party or their counsel may so designate that portion by promptly notifying all parties in writing as to the Confidential Discovery Material.  Such designated portion of the Discovery Material will thereafter be treated as "Confidential" under the terms of this Order.

**Who May Receive Confidential Information**

6. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

3

(d)  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e)  any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f)  stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g)  independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h)  the Court and its staff; and any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7.  Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms.

**Attorneys Eyes Only**

8.  In addition to designating documents or transcripts (or portions thereof) Confidential Discovery material, either party may designate certain information as "Attorneys'

Eyes Only," meaning that said information may be shared only with: (i) counsel for the parties and their staff; (ii) the Court and its staff; (iii) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy and (iv) any person retained by a party to serve as an expert witness in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto.  Such individuals shall not disclose information designated "Attorneys' Eyes Only" to anyone not authorized to review such information, including Plaintiff or Defendants. Any documents, transcripts, or portions thereof that are designated "Attorneys' Eyes Only" shall be disclosed only to the individuals in the categories identified above, unless counsel for the designating party waives the confidentiality designation or by Court Order.

**Filing Confidential Materials in this Action**

9.      Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (other than as set forth above), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

10.     Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of District Judge to whom they direct pretrial requests for filing under seal, in conformity with the

applicable standing orders of the S.D.N.Y., and the S.D.N.Y.'s Electronic Case Filing Rules & Instructions, Section 6.

11.   Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

12.   If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13.   If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14.   Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15.   If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed in accordance with the individual practices of the District Judge to whom they direct pretrial requests for filing under seal, in conformity with the applicable standing

orders of the S.D.N.Y., and the S.D.N.Y.'s Electronic Case Filing Rules & Instructions, Section 6.  The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

**Termination of the Litigation**

16.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

For Plaintiff:

Signed: /s/ William C. Silverman
Name: William Silverman
Dated: November 2, 2023

For Defendants:

Signed: _____
Name: Mathew Dudley
Dated: November 2, 2023

**SO ORDERED.**

Dated: November 3, , 2023

_____
Vincent L. Briccetti
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CORDERRO JAVON JONES,           :     No. 20-cv-03485 (VB)

                        :

             Plaintiff,      :     **Non-Disclosure Agreement**

                        :

   -v.-                    :

                        :

LT. FALCO and SGT. CARR,      :

                        :

          Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and/or "Attorneys' Eyes Only". I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated: _____      _____

                                [Signature]